## L. JOHNSON *v.* THE STATE.

PRACTICE IN THE COURT OF APPEALS.—When the record recites that the jury were "duly elected, tried, impaneled, and sworn," this court will presume that the oath administered to them was the oath prescribed in the Code of Criminal Procedure.

APPEAL from the District Court of Grimes. Tried below before the Hon. W. D. WOOD.

*J. G. McDonald*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J. The appellant, having been indicted, tried,

and convicted of the crime of rape, has taken an appeal to this court, and seeks a reversal of the judgment against him on the following assignment of errors, to wit:

"1st. That it does not appear from the record that the proper and legal oath was administered to the jury that tried this cause.

"2d. That the indictment filed in this cause is insufficient in law.

"3d. That the evidence adduced on the trial is not sufficient to sustain the verdict rendered.

"4th. That the court erred in overruling the motion of defendant for a new trial for the reasons assigned in said motion."

The grounds set out in the motion for a new trial are the following:

"1st. Because the verdict is contrary to the evidence given on the trial.

"2d. The verdict is contrary to the law.

"3d. The verdict is contrary to the law as charged by the court."

Taking up the several errors assigned in the order presented, with reference to the 1st, which is an objection to the sufficiency of the oath administered to the jury, it is not necessary to say more than that the record does not sustain the objection. The record recites that the jury were "duly elected, tried, impaneled, and sworn," which is all that is required, agreeably to the decisions of our supreme court, and which have been followed by this court— namely, when the record shows that the jury on the trial of a criminal case were duly sworn, or sworn according to law, it must be presumed, on appeal, in favor of the correctness of the proceeding, that the oath required by law was administered.

Inasmuch, then, as the record in this case shows that the

jury were duly sworn, this court must presume that the jury took the oath prescribed by the statute.

The 2d alleged error calls in question the sufficiency of the indictment. This assignment is abandoned by the counsel for the appellant. He properly concedes that the indictment is sufficient, and in this opinion we fully concur.

The indictment appears to contain all the essentials to a good indictment, in both form and substance. If it is defective in any material part, the defect has not been pointed out to us.

The 3d error assigned calls in question the sufficiency of the evidence to support the verdict, and this and the 4th, being mainly on the same subject, may with propriety be considered together. The prosecuting witness, Mary Ann Turner, stated on the trial "that, in said Grimes county, in the state of Texas, on or about the 7th day of September, A. D. 1876, defendant, about eight o'clock in the morning, caught up with witness in or near the edge of a creek bottom, about one-half a mile from the residence of Frank Williams, and threw her down violently, and then and there forcibly and without her consent committed a rape on the person of said witness by then and there having carnal knowledge of the person of said witness." This witness, having testified as quoted above, was then asked certain questions, doubtless for the purpose of preparing the way to contradict her by other witnesses, and then proceeds as follows : " That she cried and called and resisted all she could when said defendant ravished her."

The father of this witness testified " that Mary Ann came to him on the morning of the alleged rape, about ten o'clock, and informed him of the facts as stated in Mary Ann's testimony."

A justice of the peace testified " that Mary Ann Turner made complaint against the defendant, and that she made complaint to him some time before twelve o'clock on the day the alleged rape occurred."

This is substantially the evidence on the part of the state.

From the evidence offered in behalf of the defendant, as shown by the statement of facts, it appears that the defense depended on three positions. 1st, to break down the prosecutrix by showing she had made statements out of court differing from her evidence on the trial; 2d, by attempting to prove her infamous; and, 3d, to establish an *alibi* as to the accused. Free scope, it would seem, was allowed the defendant in the introduction of evidence, all of which was submitted to the jury under proper instructions from the court, and as favorable to the accused as the evidence warranted; and the jury, after having heard the evidence and the charge of the court, returned against the accused a a verdict of guilty, and assessed his punishment at confinement in the penitentiary for five years, being the shortest period allowed by law for this offense. The judge before whom the trial and conviction were had refused a new trial, and caused judgment to be entered upon the verdict; and, after a careful examination of the whole record, we find no error which would justify this court in setting the proceedings aside.

The judgment of the district court of Grimes county rendered in this case is affirmed.

*Affirmed.*